UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                         Case No. 12-14340
JOHN J. GRAY,                            Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

In this case, the Plaintiff, the United States of America, seeks to satisfy a student loan indebtedness by the Defendant, John Gray. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

I.

Between 1977 and 1978, Gray obtained three student loans, constituting a total principal amount of $3,805. These loans, all of which were federally guaranteed, were to accrue interest at a rate of 7% per annum. In 1979, he defaulted on his loans which, in turn, caused an acceleration in the balances of the promissory notes. This action was initiated by the Government on September 29, 2012. As of the date on which the complaint was filed, the Government contends that Gray owed a total of $5,611.18.

Currently before the Court is the Government's motion for the entry of a summary judgment pursuant to Fed. R. Civ. P. 56. As of this date, Gray has not filed a response.

II.

The purpose of a summary judgment, as reflected by Federal Rule of Civil Procedure 56, "is

to isolate and dispose of factually unsupportable claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The entry of a summary judgment is proper only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' for purposes of summary judgment if proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties." *Aqua Grp., LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816, 819 (E.D. Mich. 2009) (citing *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). In order for a dispute to be genuine, it must contain evidence upon which a trier of the facts could find in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 560 (6th Cir. 2004). When assessing a request for the entry of a summary judgment, a court "must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party." *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). The entry of a summary judgment is appropriate only if the nonmoving party fails to present evidence which is "sufficient to establish the existence of an element essential to its case, and on which it will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Thus, the moving party has the initial obligation of identifying those portions of the record that demonstrate the absence of any genuine issue of a material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must "come forward with some probative evidence to support its claim and make it necessary to resolve the differences at trial." *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *see also Anderson*, 477 U.S. at 256. The presence or the absence of a genuinely disputed material fact must be established by (1) a specific reference to "particular parts

of [material] in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or (2) a "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

### III.

Here, the Government submits that it is entitled to a grant of summary judgment because it has demonstrated that Gray owes the amount set forth in the complaint. Although Gray has not disputed the amount of the debt, he has asserted two affirmative defenses: namely, that (1) this action is barred by the statute of limitations, and (2) the debt was discharged in bankruptcy proceedings in 1999.

As an initial matter, Gray's failure to file a timely response to the Government's dispositive motion is not a sufficient basis upon which to grant a summary judgment. *See, e.g.*, *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998). "When a non-moving party fails to respond . . . , the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller v. Shore Fin. Servs., Inc.*, 141 F. App'x 417, 419 (6th Cir. 2005) (citing *Stough*, 138 F.3d at 614). Accordingly, this Court will review the Government's currently pending motion in an effort to determine if it has demonstrated the absence of any genuine issue of a material fact for each of the relevant issues.

"To recover on a promissory note the [Government] must first make a prima facie showing that (1) the [Defendant] signed it, (2) the [Government] is the present owner or holder and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009). To satisfy these

elements, the Government may produce the promissory note and a certificate of indebtedness that is signed by a loan analyst under penalty of perjury. *United States v. Davis*, 28 F. App'x 502, 503 (6th Cir. 2002); *see also Guillermety v. Sec'y of Educ.*, 341 F. Supp. 2d 682, 688 (E.D. Mich. 2003). Once the Government has produced sufficient evidence to establish a prima facie case, the burden shifts to Gray to prove "the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290. The Defendant may not simply allege nonliability but must instead "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt. *United States v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005).

In this case, the Government has attached copies of two notes purportedly signed by Gray. The first is for a principal amount of $1,500 which was disbursed on May 19, 1978. The second indicates principal amounts of $1,500, which was disbursed on April 29, 1977 and $825, which was disbursed on October 14, 1977. The Government has also filed a certificate of indebtedness and an affidavit of Laura Bevan, a loan analyst with the United States Department of Education, attesting to the validity of the certificate. Thus, under these circumstances, the Government has established a prima facie case that it is entitled to collect on the notes and the burden now shifts to Gray to produce evidence of the "nonexistence, extinguishment, or variance in payment" of the debt. *Petroff-Kline*, 557 F.3d at 290.

As noted above, Gray initially contends that this action is barred by a six-year statute of limitations. Although 20 U.S.C. § 1091a once contained such a limitations period, Congress amended this statute to eliminate the limitations period for the collection of student loan debt. The relevant portion of the statute provides that "no limitation shall terminate the period within which

4

suit may be filed, a judgment may be enforced, or an offset, garnishment, or other action initiated or taken . . . [for] repayment of the amount due from a borrower on a loan." 20 U.S.C. § 1091a(a)(2); *see also United States v. Brown*, 7 F. App'x 353, 354 (6th Cir. 2001). The abrogation of the statute of limitations applies retroactively. *See Brown*, 7 F. App'x at 354 (citing *United States v. Hodges,* 999 F.2d 341, 342 (8th Cir.1993); *United States v. Glockson,* 998 F.2d 896, 898 (11th Cir.1993)).

Gray next contends that his debt was discharged in bankruptcy proceedings in 1999. However, student loan debts are not automatically dischargeable. *Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 451-52 (2004). The Bankruptcy Code permits a debtor to discharge a government-guaranteed student loan only if the failure to discharge the debt would impose an "undue hardship" on the debtor and his dependents. 11 U.S.C. § 523(a)(8). "Section 523(a)(8) is 'self-executing.'" *Tenn. Student Assistance Corp.*, 541 U.S. at 450. This means that "[u]nless the debtor affirmatively secures a hardship determination, the discharge order will not include a student loan debt." *Id.* In order to establish undue hardship, the debtor must file an adversary proceeding against the Government in a bankruptcy court. Fed. R. Bankr. P. 7001; *see also Tenn. Student Assistance Corp.*, 541 U.S. 440, 451-52. Such a proceeding requires the service of a summons and complaint. Fed. R. Bankr. P. 7001, 7003, 7004; *see also Tenn. Student Assistance Corp.*, 541 U.S. at 451-52.

Here, the Government has attached a copy of the bankruptcy court docket for Gray's bankruptcy case. The docket indicates that Gray did not file an adversary proceeding against the Government. If no adversary proceeding was held, the bankruptcy court could not have made a determination of undue hardship which would have permitted Gray's student loan debt to be discharged. In summary, Gray, who bears the burden of production, has failed to produce any

evidence that his student loan was actually discharged by the bankruptcy court. As both of Gray's defenses are without merit, and in the absence of any evidence that the debt has been discharged or otherwise extinguished, the Government is entitled to summary judgment.

IV.

For the reasons that have been set forth above, the Government's motion for summary judgment is granted (ECF No. 6). The Government is directed to submit a proposed judgment to the Court within seven (7) days of the date of this order.

IT IS SO ORDERED.

Date: September 13, 2013
s/Julian Abele Cook, Jr.
JULIAN ABELE COOK, JR.
U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 13, 2013.

s/ Kay Doaks
Case Manager