UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 12-14340 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| JOHN J. GRAY, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## FOR ENTRY OF GARNISHEE JUDGMENT

On April 28, 2016, plaintiff filed a petition for order to show cause against the garnishee defendant, the employer of defendant John J. Gray, against whom a judgment was previously entered. (Dkt. 22). This matter was referred to the undersigned by District Judge Arthur J. Tarnow. (Dkt. 23). On May 9, 2016, the Court issued an order for the garnishee defendant, Mt. Clemens Orthopaedic Appliances, Inc., to appear and show cause in person on June 3, 2016 at 3:00 p.m., why it should not be held in contempt for failure to comply with the continuing writ of garnishment. (Dkt. 24). The order to show cause was served on the garnishee defendant on May 19, 2016. (Dkt. 25). The garnishee defendant failed to appear for the hearing as ordered on June 3, 2016.

Therefore, the undersigned **RECOMMENDS** that Judgment be entered in

favor of plaintiff, the United States of America, and against the garnishee defendant, Mt. Clemens Orthopaedic Appliances, Inc., in the amount of $6,152.30. The undersigned also **RECOMMENDS** that the Judgment accrue interest pursuant to the statutory rate.  **Plaintiff is directed to serve a copy of this Report and Recommendation on the garnishee defendant and file a proof of service with the Court**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and E.D. Mich. Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the

objections in length and complexity. Fed.R.Civ.P. 72(b)(2); E.D. Mich. Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: June 7, 2016                    s/Stephanie Dawkins Davis
                                      Stephanie Dawkins Davis
                                      United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on June 7, 2016, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record..

                                      s/Tammy Hallwood
                                      Case Manager
                                      (810) 341-7887
                                      tammy_hallwood@mied.uscourts.gov